J-S25029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTOINE DAVIS | |
| Appellant | No. 300 EDA 2016 |

Appeal from the PCRA Order January 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006327-2007

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 26, 2017**

Appellant, Antoine Davis, appeals from the order entered January 22, 2016, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In December 2006, Appellant was arrested in connection with the strangling death of the victim, L.P., with whom he had a romantic relationship.[1]  **See** PCRA Court Opinion (PCO), 8/26/16, at 1-3.  Prior to and during trial, the parties litigated a number of evidentiary issues on which the court ruled throughout the proceedings.

On May 13, 2009, Appellant filed an omnibus pretrial motion seeking, among other things, to present evidence that Johnathan Anderson, L.P.'s

---

[1] Due to the nature of the crime, we will use the victim's initials.

former boyfriend, had abused her. *See* Omnibus Motion, 5/13/09, at ¶¶ 24-28. The evidence Appellant sought to admit was 1) a Protection From Abuse Act petition ("PFA"), and 2) testimony from L.P.'s niece that Mr. Anderson had previously strangled L.P. *Id.*

Prior to trial on November 9, 2009, counsel made an oral a motion *in limine*, seeking to admit the evidence above. *See* Notes of Testimony (N.T.), 11/9/09, at 8-9. Specifically, counsel sought to admit PFA petitions that L.P. had filed against Mr. Anderson in 2004 or 2005, and a statement L.P.'s niece had given to police that Mr. Anderson had once strangled L.P. to the point of unconsciousness. *See* N.T., 11/9/09, at 9. The trial court denied admission of the PFA as hearsay, but held that it would permit L.P.'s niece to testify that L.P. and Mr. Anderson had argued over child custody if she had heard the argument herself. *Id.* at 19-20; *see also* Docket No. CP-51-CR-00062327-2007, 11/09/09. The information regarding the argument was later elicited on cross-examination. *See* N.T., 11/10/09, at 109-10.

The next day, counsel provided the court with a report compiled by a private investigator; however, upon review, the report indicated only that L.P. had told Jerome Brown, Catherine Jackson, and Jennifer Cabezudo that Mr. Anderson had abused her. *See* N.T., 11/10/09, at 3-20. The court denied admission of the report as none of the proposed witnesses had actually seen Mr. Anderson abuse L.P. To resolve the ongoing evidentiary dispute, the prosecutor proposed a stipulation: she would stipulate that L.P.'s niece had overheard L.P.'s argument with Anderson, and defense

counsel would stipulate to the excited utterance by L.P. where she stated that Appellant had choked her. *Id.* at 11-17. After considering, defense counsel declined the stipulation and as noted, *supra*, later elicited testimony regarding the argument on cross examination. *Id.* at 11-17, 109-10.

The matter proceeded to trial. In November 2009, a jury convicted Appellant of third degree murder.[2] In January 2010, Appellant was sentenced to fifteen to thirty years of incarceration. Appellant filed a post-sentence motion, which was denied. His judgment of sentence was affirmed on appeal. *See Commonwealth v. Davis*, 37 A.3d 1242 (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek review with the Pennsylvania Supreme Court.

On October 19, 2012, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed and filed an amended petition and supplemental amended petition on Appellant's behalf. In December 2015, the court sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. The court formally dismissed Appellant's petition on January 22, 2016.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued a responsive opinion.

---

[2] *See* 18 Pa.C.S. § 2502(c).

On appeal, Appellant raises the following issues for our review.

A. Is Appellant entitled to post conviction relief in the form of the grant of a new trial or a remand for an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when she failed to present the stipulation concerning Jonathan Anderson's abuse of the victim and failed to make an appropriate proffer with regard to other evidence establishing Anderson's abuse of the victim. Alternatively, were post-sentence motion counsel and direct appeal counsel ineffective when they failed to raise the issue of the trial court's denial of Appellant's motion to admit evidence of Anderson's abuse of the victim at trial in the post-sentence motion or in the direct appeal?

B. Is Appellant entitled to post conviction relief in the form of the grant of a new trial or a remand for an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when she failed to request the trial court to instruct the jury concerning heat of passion voluntary manslaughter?

Appellant's Brief at 4.

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. *See* PCRA Court Order, 1/22/16 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On

- 4 -

appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." *Springer*, 961 A.2d at 1264.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant claims trial counsel rendered ineffective assistance when she failed to present evidence that Jonathan Anderson had abused L.P. prior to her death. *See* Appellant's Brief at 26. Appellant raises a litany of arguments that trial counsel failed to make an appropriate proffer with regard to other evidence that would have established abuse, namely, 1) the

stipulation; 2) PFA petitions; 3) Mr. Anderson's court documents and criminal history; and 4) investigative reports prepared by a private investigator. *Id.* at 26-27. Appellant contends that this evidence would have bolstered his argument that Mr. Anderson was the killer. *Id.* In the alternative, Appellant claims post-sentence motion counsel and direct appeal counsel were ineffective for their failure to raise the issue the trial court's evidentiary rulings. *Id.*

First, Appellant avers counsel was ineffective for failure to present to the court the stipulation proposed by the Commonwealth. *See* Appellant's Brief at 26-41. In fifteen pages of his brief, Appellant fails to present a coherent argument on this point. As noted *supra*, the proposed stipulation was to two pieces of information, 1) L.P.'s niece overheard L.P. and Mr. Anderson arguing about the custody of their child, and 2) prior to L.P.'s death, *Appellant* had choked L.P. Here, counsel declined to accept the stipulation.[3] However, counsel cross-examined L.P.'s niece regarding the argument. *See* N.T., 11/10/09, 109-10. The stipulation itself was a nullity, as the proffered evidence was admitted regardless of said stipulation. Thus, Appellant cannot show he was prejudiced by counsel's failure to present the stipulation. *See Johnson*, 966 A.2d at 533 (Pa. 2009) (noting that a

---

[3] We note that prior to trial, the Commonwealth filed a prior bad acts motion pursuant to Pa.R.E. 404(b), and accordingly, was allowed to introduce evidence of the choking. *See Davis*, 37 A.3d 1242, at * 19. This Court upheld that admission on direct appeal. *Id.* at 19-20.

petitioner establishes prejudice when he demonstrates a reasonable probability that but for counsel's errors the result of the proceeding would be different).

Second, Appellant avers counsel was ineffective for failing to present PFA petitions filed by L.P. against Mr. Anderson. *See* Appellant's Brief at 28-29. The PCRA court noted that the trial court ruled that the proffered evidence was inadmissible and counsel cannot be ineffective for failure to enter inadmissible evidence into the record. *See* PCO at 9; *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (noting that counsel cannot be ineffective for failure to raise a meritless claim). We see no error in this conclusion. Appellant now contends that the PFA petitions should have been admissible under various hearsay exceptions, but fails to address any law concerning hearsay and its exceptions beyond a bare citation to the rules of evidence themselves. Accordingly, Appellant has waived this argument for purposes of appeal. *See* Pa.R.A.P. 2119(a)-(c); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.").

Third, Appellant argues counsel was ineffective for failure to introduce Mr. Anderson's criminal record and court documents. *See* Appellant's Brief at 26-29. The dockets in question reveal that 1) Mr. Anderson was convicted of misdemeanor offenses involving the victim two years before her

death in Philadelphia, and 2) that Mr. Anderson was convicted of simple assault and resisting arrest in Delaware County in 2002, without any indication that the victim was involved.[4]

Evidence must be relevant to be admissible, and its probative value must outweigh its potential prejudicial effect. *See Commonwealth v. Impellizzeri*, 661 A.2d 422, 428 (Pa. Super. 1995). Relevant evidence is that which tends to establish the facts in issue or in some degree advances the inquiry, and is therefore probative. *Id.* The probative value of the evidence must outweigh its potential prejudicial impact. *Id.* Here, the evidence Appellant argues was admissible is simply not probative of the theory he wishes to advance. Mr. Anderson's prior convictions do not make it more likely that he murdered L.P., and Appellant's arguments to the contrary strain credulity.[5] Therefore, counsel could not be ineffective for failing to offer evidence which was irrelevant.

Additionally, Appellant argues counsel was ineffective for failure to present an investigative report prepared by a private investigator. Counsel

_____

[4] The dockets in question are attached to Appellant's PCRA petition, which does not utilize page numbers.
[5] For example, Appellant argues that the arrest record "would have corroborated" the testimony of a neighbor, who remembered hearing noises coming from L.P.'s house early on November 23, 2006, which was approximately two days after Appellant stated he last saw her. *See* Appellant's Brief at 39. Appellant argues that the victim was killed after Appellant left the residence, and that that person was "presumably Anderson." *Id.*

presented the report at trial. Upon review, the court ruled that the report constituted hearsay, as the witnesses interviewed would only testify to what L.P. had told them. **See** Appellant's Brief at 29-30; **see also** N.T., 11/10/09, at 3-13. An examination of the report provided in Appellant's own brief confirms this ruling was not in error. In the report, the witnesses interviewed by the investigator stated they observed injuries to L.P.'s body, but the sole evidence regarding the manner in which L.P. was injured constituted hearsay. **See** Appellant's Brief at 29-30. Trial counsel was not ineffective for failing to convince the trial court that this report did not consist of hearsay. Further, the issue of the trial court's evidentiary ruling is more properly raised on direct appeal. **See** 42 Pa.C.S. § 9544(b).

Next, Appellant claims that post-sentence motion counsel and appellate counsel rendered ineffective assistance for failure to raise the issue of the court's evidentiary rulings. **See** Appellant's Brief at 36-37, 39-40. As noted above, the trial court's rulings were proper. Counsel cannot be ineffective for failure to raise a meritless claim. **Fears**, 86 A.3d at 804.

Finally, Appellant claims that trial counsel rendered ineffective assistance of counsel when she failed to request a jury charge for heat of passion voluntary manslaughter. **See** Appellant's Brief at 42. Appellant argues that because he informed homicide detectives that L.P. "had kicked him in his 'privates'" during a fight, the evidence supported such a charge. **Id.** at 43. Appellant argues he was prejudiced because the jury could not

consider this as a mitigating factor, and only focused on his own actions. *Id.*

A person is guilty of voluntary manslaughter if at the time of the killing he acted under a sudden and intense passion resulting from serious provocation by the victim. **See Commonwealth v. Browdie**, 671 A.2d 668, 671 (Pa. 1996); **see also** 18 Pa.C.S. § 2503(a). "Heat of passion" includes emotions such as anger, rage, sudden resentment or terror, which renders the mind incapable of reason. *Id.* A defendant is not entitled to a voluntary manslaughter charge where the evidence does not support it. *Id.*

Further, and more importantly, as the PCRA court noted:

> Such an instruction requires that defendant admit to the killing. **See Commonwealth v. Sanchez**, 623 Pa. 253, 315, 82 A.3d 943, 980 (Pa. 2013) (noting that the Supreme Court has "long held that no jury charge is required on the elements of voluntary manslaughter where the defendant denies having committed the killing"). However, the defendant contended at trial that he was not the killer.

**See** PCO at 9. We find no error in this conclusion. Accordingly, Appellant's underlying issue is not of arguable merit. **See Sanchez**, 82 A.3d at 980; **Johnson**, 966 A.2d at 533. Counsel cannot be ineffective for failure to raise a meritless claim, and Appellant is not entitled to a new trial or evidentiary hearing on this issue. **Fears**, 86 A.3d at 804.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017